## THE KING *vs.* CHOCK HOON.

### EXCEPTIONS TO RULINGS OF JUDD, C. J.

### APRIL TERM, 1885.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

Defendant received money from A, in Honolulu, to be delivered to A's mother in China; on defendant's return from China, having failed to deliver the money as agreed, he refused to return it to A; held, he was guilty of embezzlement, either in China or Honolulu, wherever prosecuted.

The presiding Judge at the trial refused to instruct the jury "That the offense of embezzlement under Hawaiian law is not committed by a party, entrusted with money here to be delivered to another in the Empire of China, failing so to deliver same."
Held, that such refusal was not error.

### OPINION OF THE COURT BY McCULLY, J.

THE defendant, about four years ago, being about to visit China, received from one Ah Fook twenty dollars, to be by him delivered to Ah Fook's mother, resident in China. He did not pay the money to the mother, and returning to this country he has not refunded it to Ah Fook. It is not doubted that there is an embezzlement. The question is whether it was committed within the jurisdiction of this Court or in China.

The defendant excepted "to the refusal of the Court to instruct the jury that the offense of embezzlement under Hawaiian law is not committed by a party, entrusted with money here to be delivered to another in the Empire of China, failing so to deliver the same."

And it is submitted on behalf of the defendant that, on the evidence, the offense of embezzlement was not committed within this Kingdom. It could not have been committed before the defendant left for China. If the offense was committed at all, it was committed and consummated in China, and therefore could not have been again committed in this Kingdom; that the only embezzlement that could have been committed in this case would

be refusal or failure to pay over the money in China to the person thereto entitled. A failure to pay over or account for the money to Ah Fook, either here or elsewhere, would not constitute embezzlement.

The evidence of the case, as it was recorded in the Police Court, is considered as annexed to the bill of exceptions. It appears by this that the complainant, Ah Fook, having heard by letter of the non-delivery of the money to his mother, spoke to the defendant soon after his return to this country, and demanded the return of the money. " The defendant said he would pay me back by-and-bye, but on my meeting him again and making demand, he answered, ' You go and sue me.' "

Archbold's Criminal Practice, and Russell on Crimes, upon the subject of venue, depend upon the following cases. In Hobson's case the prisoner received some money, the property of his master, in Shropshire, which he should have delivered to him in Staffordshire, where he and his master resided. Being indicted in the former county, it was considered by a majority of the Judges that the indictment might be in Shropshire, where the prisoner received the money, as well as in Staffordshire, where he embezzled it by not accounting for it to his master; that the statute having made the receiving property and embezzling it amount to a larceny, made the offense a felony where the property was first taken, and that the offender might therefore be indicted in that or in any other county into which he carried the property.
2 Archb., p. 566.

In the other, Taylor's case, the prisoner, delivering a lot of herrings in the county of Surrey, received ten shillings, which he should have rendered to his master in the county of Middlesex. The indictment was in Middlesex. The Court say " that here there is no evidence of any act to bring the prisoner within the statute until he is called upon by his master to account. When called upon by his master to account, the prisoner denied that he had ever received it. This was the first act from which the jury could with certainty say the prisoner intended to embezzle the money. In this case there was no evidence of the prisoner having done any act to embezzle in the county of Surrey, nor could the offense be complete, nor the prisoner be guilty

within the statute, until he refused to account to his master. Sustaining the indictment in Middlesex.   *Ib.*

In *Regina vs. Murdock,* cited in 2 Russell, 471, money received in Derbyshire to be paid to his employer in Nottingham, was held to have been embezzled in Nottingham.

In all these instances the principle is, that the offense is committed within the jurisdiction where the party fails to account to the person to whom he was bound to deliver the property, and who was the owner of it.

In our case, the owner was Ah Fook, who sent the money as a gift to his mother. The property must be considered to have remained in Ah Fook until such delivery. If it had been delivered in China there would have been no embezzlement, and the conversion by the defendant and non-delivery is clearly an embezzlement in China. There cannot be two embezzlements. But, on the other hand, if the defendant had, upon the demand of Ah Fook, returned him the money, as he might say that he had forgotten, or could not find the person, or did not care to take the trouble to deliver the money in China, it would not be held to be an embezzlement in China. His failure to account for the money here to Ah Fook also makes it embezzlement, but in no sense a second embezzlement. It is an act of conversion or appropiation by the bailee or carrier within the jurisdiction of the Court.

2 Wheaton on Crim. Law, 1857.

If the case had been prosecuted in China, a plea of conviction or acquittal would be a bar to prosecution here, and *vice versa.*

The exceptions are overruled.

*W. O. Smith,* for prosecution.

*A. S. Hartwell,* for defendant.

Honolulu, May 29, 1885.